# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 19-1507V
UNPUBLISHED

ELIZABETH HURLBUTT,

               Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

               Respondent.

Chief Special Master Corcoran

Filed: June 22, 2021

Special Processing Unit (SPU);
Damages Decision Based on Proffer;
Influenza (Flu) Vaccine; Shoulder
Injury Related to Vaccine
Administration (SIRVA)

*Jeffrey S. Pop, Jeffrey S. Pop & Associates, Beverly Hills, CA, for Petitioner.*

*Andrew Henning, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On September 30, 2019, Elizabeth Hurlbutt filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine administered on October 28, 2018. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On March 24, 2021, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On June 22, 2021, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $118,541.89 (comprised of $115,000.00 for pain and suffering and $3,541.89 for unreimbursable out-of-pocket expenses). Proffer at 1. In the Proffer, Respondent represented that Petitioner

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $118,541.89 (comprised of $115,000.00 for pain and suffering and $3,541.89 for unreimbursable out-of-pocket expenses) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

2

ELIZABETH HURLBUTT,

Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

Respondent.

**No.19-1507V (ECF)**
Chief Special Master Corcoran
SPU

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On March 24, 2021, respondent conceded that entitlement to compensation was appropriate under the terms of the Vaccine Act. ECF No. 27. Thereafter, on March 24, 2021, Chief Special Master Corcoran issued a Ruling on Entitlement, finding that petitioner was entitled to vaccine compensation for her Shoulder Injury Related to Vaccine Administration ("SIRVA"). ECF No. 30.

### I.  Items of Compensation

Based upon the evidence of record, respondent proffers that petitioner should be awarded $118,541.89. The award is comprised of the following: $115,000 for pain and suffering and $3,541.89 for unreimbursable out-of-pocket expenses. This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II. Form of the Award

The parties recommend that compensation provided to petitioner should be made through a lump sum payment of **$118,541.89**, in the form of a check payable to petitioner.    Petitioner agrees.

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

> Respectfully submitted,
>
> BRIAN M. BOYNTON
> Acting Assistant Attorney General
>
> C. SALVATORE D'ALESSIO
> Acting Director
> Torts Branch, Civil Division
>
> HEATHER L. PEARLMAN
> Deputy Director
> Torts Branch, Civil Division
>
> TRACI R. PATTON
> Assistant Director
> Torts Branch, Civil Division
>
> */s/ Andrew J. Henning*
> ANDREW J. HENNING
> Trial Attorney
> Torts Branch, Civil Division
> U.S. Department of Justice
> P.O. Box 146
> Benjamin Franklin Station
> Washington, D.C. 20044-0146
> Tel.:  (202) 616-4405
> Fax:  (202) 616-4310
> Email:  andrew.j.henning@usdoj.gov

DATED:  June 22, 2021